No. 22-60639

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

AMERICAN HOME FURNISHINGS ALLIANCE, ET AL.,

*Petitioners*,

v.

CONSUMER PRODUCT SAFETY COMMISSION,

*Respondent.*

## OPPOSITION TO MOTION FOR RECONSIDERATION

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney General*

MARK B. STERN
COURTNEY L. DIXON
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., NW*
  *Washington, DC 20530*
  *202-353-8189*

Congress's recent enactment of "STURDY" as part of the Consolidated Appropriations Act of 2023 provides no basis for this Court to reconsider its December 28, 2022, order carrying petitioners' stay motion with the case and denying petitioners' motion to expedite the briefing schedule. Congress in STURDY gave the Consumer Product Safety Commission one year to perform additional rulemaking steps with respect to a mandatory safety standard to prevent injuries and deaths to young children from clothing-storage-unit tip-overs. The Commission is evaluating the rulemaking steps required by STURDY and, as it undertakes that process within the time specified by Congress, will determine what actions are appropriate with respect to its current rule. In the meantime, the Commission's current rule remains valid, and petitioners have not set forth any grounds for this Court to reconsider its prior order, judicially stay the Commission's rule, and preempt the Commission's decision-making.

## ARGUMENT

**A.** STURDY was signed into law on December 29, 2022, as part of the Consolidated Appropriations Act of 2023. *See* Pub. L. No. 117-328, Div. DD, tit. II, § 201, 136 Stat. 4459 (Dec. 29, 2022). STURDY requires the Consumer Product Safety Commission, not later than one year from the date of the statute's enactment, to "promulgate a final consumer product safety standard for clothing storage units to protect children from tip-over-related death or injury," to take effect "180 days after the date of promulgation" unless the Commission finds a later date to be appropriate.

1

*Id.* § 201(a)(1)(B). The Act mandates that the promulgated standard must protect children from tip-over-related death or injury with "tests that simulate the weight of children up to 60 pounds"; "tests that simulate real-world use and account for impacts on clothing storage unit stability that may result from placement on carpeted surfaces, drawers with items in them, multiple open drawers, and dynamic force"; "testing of all clothing storage units, including those 27 inches and above in height"; and "warning requirements." *Id.* § 201(c)(2).

Congress further directed the Commission, in consultation with experts, industry members, and consumer groups, to "examine and assess the effectiveness of any voluntary consumer product safety standards for clothing storage units" and assess whether "a voluntary standard exists that meets the requirements" Congress specified in the statute. STURDY, § 201(c)(1)(A), (d)(1). If the Commission determines that a voluntary exists that was published not later than 60 days after STURDY's enactment, was developed by ASTM or another similar voluntary standards organization, and meets STURDY's requirements for protecting children, then the Commission must "promulgate a final consumer product safety standard" adopting that voluntary standard within 90 days of the Commission's determination. *Id.* § 201(d).

**B.** The Commission is evaluating the additional rulemaking steps required by STURDY. Because that legislation was passed only weeks ago, it is currently unclear to what extent the Commission's current standard might need to be changed in light

of STURDY's requirements. The Commission intends to perform the rulemaking steps required by Congress within the time limits specified, and, as the Commission undertakes that process, will determine what steps are appropriate with respect to its current rule.

In the meantime, the Commission's current rule remains valid. Congress did not include any language in STURDY that would disturb the Commission's current rule while the Commission implements the statute's requirements. As the government's opposition to petitioners' motion for stay explained, the Commission promulgated its rule pursuant to its statutory authority to establish mandatory safety standards to address an unreasonable risk of injury, and the Commission acted well within its authority under the Consumer Product Safety Act and the Administrative Procedure Act. Indeed, Congress's enactment of STURDY confirms the need for a mandatory safety standard that tests clothing-storage-units under "real-world" conditions with "carpeted surfaces," "multiple open drawers," filled drawers, "and dynamic force[s]." STURDY, § 201(c)(2)(B); *see* Opp. to Mot. for Stay 7-8. And while petitioners continue to urge that the Commission incorrectly failed to account for ASTM's revised voluntary standard (Mot. 1), petitioners' motion for reconsideration confirms that that potential standard has still not been "finalize[d]" or "publish[ed]." Mot. 1; *see* Opp. to Mot. for Stay 12-13.

If and when ASTM's revised voluntary standard is finalized and published within the time allowed by STURDY, the Commission will review that standard in

accordance with STURDY and complete the other rulemaking steps that Congress has required to reduce and prevent deaths and injuries to young children caused by clothing-storage-unit tip-overs. In undertaking that process, the Commission will determine what steps are appropriate with respect to its current rule in light of Congress's requirements. Petitioners have not set forth any basis for this Court to preempt that process.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in our prior filings, petitioners' motion for reconsideration should be denied.

    Respectfully submitted,

    BRIAN M. BOYNTON
     *Principal Deputy Assistant Attorney General*

    MARK B. STERN
    /s/ Courtney L. Dixon
    COURTNEY L. DIXON
     *Attorneys, Appellate Staff*
     *Civil Division*
     *U.S. Department of Justice*
     *950 Pennsylvania Ave., NW*
     *Washington, DC 20530*
     *202-353-8189*

JANUARY 2023

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this filing complies with the requirements of Federal Rule of Appellate Procedure 27(d) because it has been prepared in 14-point Garamond, a proportionally spaced font. I further certify that it complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 791 words according to the count of Microsoft Word.

                                     */s/ Courtney L. Dixon*
                                     Courtney L. Dixon
                                     Counsel for Respondent

## CERTIFICATE OF SERVICE

I hereby certify that, on January 17, 2023, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I further certify that the participants in the case are CM/ECF users and that service will be accomplished by using the appellate CM/ECF system.

*/s/ Courtney L. Dixon*
Courtney L. Dixon
Counsel for Respondent