No. 22-60639

# In the United States Court of Appeals for the Fifth Circuit

---

AMERICAN HOME FURNISHINGS ALLIANCE;
MISSISSIPPI ECONOMIC COUNCIL;
MISSISSIPPI MANUFACTURERS ASSOCIATION,
PETITIONERS,

*v.*

UNITED STATES CONSUMER PRODUCT SAFETY COMMISSION,
RESPONDENT.

---

*ON PETITION FOR REVIEW OF A FINAL RULE OF THE UNITED STATES CONSUMER PRODUCT SAFETY COMMISSION*

---

**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

---

SARAH M. HARRIS
WHITNEY D. HERMANDORFER*
MARK S. STORSLEE
CLAYTON P. PHILLIPS
LIBBY A. BAIRD
WILLIAMS & CONNOLLY LLP
  *680 Maine Avenue SW*
  *Washington, DC 20024*
  *(202) 434-5000*
  *whermandorfer@wc.com*
*Counsel for Petitioners*
*Counsel of Record.

CPSC agrees that STURDY's passage is a significant new wrinkle that muddies the waters and requires reassessing the Final Rule. CPSC thus claims need to contemplate next regulatory steps at some unspecified pace. At the same time, CPSC insists on forcing industry's immediate compliance with—and this Court's consideration of—a complex Rule that could sunset just as soon as it takes effect. The dissenting commissioner warned that legislative events might soon overtake CPSC's Rule. Now that they have, CPSC offers no solutions to its self-created compliance conundrum.

STURDY's intervening passage supports a stay. As petitioners explained, Congress's new regime—paired with CPSC's conduct—highlights the current Rule's legal shortcomings, Mot. 7-9, compounds petitioners' already substantial irreparable harm, Mot. 9-10, and decimates the public-interest case for requiring a costly compliance scramble, Mot. 10-11. CPSC's response declines to address petitioners' stay-factor arguments, defend its Rule, or articulate a single equitable consideration cutting against a stay.

CPSC's silence speaks volumes. If any rule warrants a stay, it is one that reflects a defective approach overridden by Congress, upends an entire industry, lacks any justification for immediate enforcement, and whose parallel has already been stayed. *See* Petrs.' Notice of Suppl. Auth. (Jan. 10,

2023), Dkt. 37. The Rule's "obvious" legal defects plainly sum to at least a "substantial case on the merits," which warrants a stay where, as here, "the balance of equities weighs heavily" in petitioners' favor. Stay Mot. 24 (citation omitted); *Campaign for S. Equal. v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014).

What little CPSC does say only helps petitioners. CPSC (at 2) notes it is "currently unclear" what STURDY requires. But this very lack of clarity is compounding petitioners' irreparable harm with further confusion and unrecoverable compliance costs. Mot. 9-10. That the Rule is "valid" for now does not mitigate this irreparable harm, Opp'n 1, 3, especially when even the small immediate benefits CPSC projects may never occur, Mot. 10.

CPSC (at 1, 2, 3, 4) promises it will eventually evaluate STURDY's next steps and the Rule's continued appropriateness. Petitioners fully agree that STURDY and ASTM F2057-23 mean more work for CPSC. That is why stay relief should issue under 15 U.S.C. § 2060(b), which exists so that courts may swiftly remand rules to CPSC when new, material events emerge. Staying the Rule in light of STURDY would thus aid CPSC's decision-making, not "preempt" it. Opp'n 1, 4. Yet CPSC has never so much as acknowledged § 2060(b)'s existence.

CPSC's remaining responses undersell STURDY's impact. CPSC implies it "might" not change its existing Rule at all. Opp'n 2. But that follows only if CPSC has prejudged the outcome of STURDY's required voluntary-standard assessment and fresh notice-and-comment rulemaking. Mot. 4-5 (citing § 201(c)(1), (d)(1)). Courts typically presume agencies will fairly carry out their statutory duties, not flout them.

CPSC (at 3) next claims—incorrectly, *see* Stay Reply 8 (discussing less-burdensome-alternatives provision)—that STURDY supports the Rule's rejection of any non-final ASTM revisions. That argument only highlights CPSC's untenable position. As it stands, petitioners must litigate whether CPSC should have considered adopting ASTM F2057-23, even though STURDY means CPSC must consider adopting ASTM F2057-23. If CPSC agrees it should now defer to industry's voluntary standard, this case, and petitioners' severe compliance harms, will have been pointless. If CPSC again shuns that standard, its new determination, on a new record, will supersede the one now before the Court. Either way, STURDY supports a stay, and CPSC's insistence on blowing past Congress's new directive is bewildering.

Dated: January 18, 2023                    Respectfully submitted,

                                                */s/ Whitney D. Hermandorfer*
SARAH M. HARRIS
WHITNEY D. HERMANDORFER*
MARK S. STORSLEE
CLAYTON P. PHILLIPS
LIBBY A. BAIRD
WILLIAMS & CONNOLLY LLP
  *680 Maine Avenue SW*
  *Washington, DC 20024*
  *(202) 434-5000*
  *whermandorfer@wc.com*
*Counsel for Petitioners*
*Counsel of Record.

# **CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

1.   This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Fed. R. App. P. 27(d)(2), this document contains 584 words.

2.   This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century Expanded BT, size 14.

                                              */s/ Whitney D. Hermandorfer*

                                                  *Attorney for Petitioners*