No. 22-60639

# In the United States Court of Appeals for the Fifth Circuit

---

AMERICAN HOME FURNISHINGS ALLIANCE;
MISSISSIPPI ECONOMIC COUNCIL;
MISSISSIPPI MANUFACTURERS ASSOCIATION
PETITIONERS,

*v.*

UNITED STATES CONSUMER PRODUCT SAFETY COMMISSION,
RESPONDENT.

---

*ON PETITION FOR REVIEW OF A FINAL RULE OF THE UNITED STATES CONSUMER PRODUCT SAFETY COMMISSION*

---

**UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE**

---

Sarah M. Harris
Whitney D. Hermandorfer*
Mark S. Storslee
Libby A. Baird
Clayton P. Phillips
Ikenna N. Ugboaja
Williams & Connolly LLP
  *680 Maine Avenue SW*
  *Washington, DC 20024*
  *(202) 434-5000*
  *whermandorfer@wc.com*
*Counsel for Petitioners*
*Counsel of Record.

Pursuant to Federal Rule of Appellate Procedure 27, petitioners American Home Furnishings Alliance, Mississippi Economic Council, and Mississippi Manufacturers Association respectfully request that this Court hold this case in abeyance pending finalization of a new Consumer Product Safety Commission product-standard rule that CPSC voted to issue as a direct final rule on April 19, 2023. If finalized as approved, CPSC's new rule would take effect in approximately 120 days and supersede the current CPSC Final Rule petitioners challenge; CPSC also voted to stay the Final Rule's May 24, 2023 effective date pending the new rule's finalization. CPSC does not oppose holding the case in abeyance. In support of this motion, petitioners state:

1. Petitioners' challenge involves a CPSC Final Rule imposing new stability requirements on clothing-storage furniture. 87 Fed. Reg. 72,598 (Nov. 25, 2022). CPSC agrees the Rule will outlaw "most" existing products in a $7 billion segment of the industry. Rule 30.2 Appendix ("App.") 2082.

2. On December 5, 2023, petitioners timely petitioned for review of the Final Rule. Dkt. 1. A few weeks later, the President signed the STURDY Act, which requires CPSC to undertake a new clothing-storage-unit rulemaking. STURDY Act, S. 3232, 117th Cong., 2d. Sess. (2022). The STURDY Act requires CPSC to assess whether any existing voluntary standard satisfies the

1

Act's furniture-stability requirements and, if so, to adopt the standard as a mandatory CPSC rule. STURDY § 201(c)(1)(A), (d)(1). CPSC declined to stay the Final Rule in light of the STURDY Act, and merits briefing proceeded.

3. On March 22, 2023, a few days after CPSC filed its response brief, CPSC staff published a new briefing package pursuant to the STURDY Act's requirement that CPSC "determine whether a voluntary standard exists that meets" the Act's new furniture-stability provisions. App.2116. Agency staff analyzed the newly revised 2023 Voluntary Standard, ASTM F2057-23. Staff advised that CPSC "could determine that ASTM F2057-23 satisfies STURDY's requirements" because, among other things, the standard's performance tests "simulate the weight of children up to 60 pounds" using methods that "represent real-world conditions." App.2116, 2126-28. Petitioners, other industry groups, members of Congress, and parent, consumer, and safety advocates asked CPSC to adopt the 2023 Voluntary Standard expeditiously. App.2122-24 (collecting letters to CPSC).

4. CPSC staff's briefing package accompanied a ballot vote on a series of proposals relating to the STURDY Act and ASTM F2057-23. One ballot option for the CPSC commissioners' approval was to "[d]etermine that ASTM F2057-23 meets the requirements of STURDY section 201(d) and direct staff

2

to publish the draft Federal Register notice to revise 16 C.F.R. part 1261 accordingly and stay the current requirements of part 1261," which contains the Final Rule's requirements. App.2117. CPSC deferred the original ballot vote date of March 28, 2023 to a public hearing to be held in April. App.2116.

    5. At the hearing, which CPSC held on April 19, 2023, CPSC voted 3-1 to adopt the 2023 Voluntary Standard as a mandatory furniture-stability rule consistent with the STURDY Act's requirements. *See* CPSC, CPSC Adopts Final Consumer Product Safety Standard to Prevent Tip-overs of Dressers and Other Clothing Storage Units (Apr. 19, 2023), https://tinyurl.com/2betj6xk. This new rule pends publication in the Federal Register as a draft direct final rule that, absent significant adverse comment, will take effect 120 days after the rule's publication in the Federal Register. App.2119. As required by § 201 of the STURDY Act, this new furniture-stability rule will supersede the challenged Final Rule. App.2119, 2130.

    6. The CPSC majority also voted to stay the current Final Rule's May 24, 2023 effective date, rejecting a proposal that would have allowed the Final Rule to take effect and remain operative pending finalization of the new STURDY Act rule. *See* AHFA, CPSC Adopts ASTM F2057-23 as Mandatory Federal Standard (Apr. 19, 2023), https://tinyurl.com/4a8y4cy8.

7. CPSC's action to stay and supersede the Final Rule supports holding petitioners' challenge to the Final Rule in abeyance. Because CPSC stayed the challenged Final Rule pending finalization of the new rule, petitioners do not presently seek a stay of the Final Rule from the merits panel. If CPSC's direct final rule moves forward as CPSC plans, it would supersede the current Final Rule. App.2130. This Court has not yet scheduled oral argument in this case. It is therefore likely that petitioners' challenge to the Final Rule would become moot before this Court would reach a decision on the legality of the Final Rule.

8. Considerations of judicial economy and preservation of parties' resources thus favor holding this case in abeyance pending finalization of CPSC's newly approved rule. *Cf. Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (describing courts' "[i]nherent authority to manage their dockets" to promote "the efficient and expedient resolution of cases"). There is no continued need for the parties to litigate, or for this court to decide, the validity of a soon-to-be-superseded Final Rule with no current prospect of taking effect. Should CPSC later seek to reinstate or enforce the Final Rule, petitioners reserve the right to seek this Court's intervention and continue this litigation at that time.

Dated: April 20, 2023                    Respectfully submitted,

/s/ *Whitney D. Hermandorfer*
SARAH M. HARRIS
WHITNEY D. HERMANDORFER*
MARK S. STORSLEE
LIBBY A. BAIRD
CLAYTON P. PHILLIPS
IKENNA N. UGBOAJA
WILLIAMS & CONNOLLY LLP
  *680 MAINE AVENUE SW*
  *WASHINGTON, DC 20024*
  *(202) 434-5000*
  *whermandorfer@wc.com*
*Counsel for Petitioners*
*Counsel of Record.

# **CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

1.   This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Fed. R. App. P. 27(d)(2), this document contains 840 words.

2.   This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century Expanded BT, size 14.

*/s/ Whitney D. Hermandorfer*

*Attorney for Petitioners*

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rules of Appellate Procedure 15(c) and 25(d) and Fifth Circuit Rule 25.2, I hereby certify that on April 20, 2023 true and correct copies of the foregoing **UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE** were filed with the Clerk's Office for the United States Court of Appeals for the Fifth Circuit using the CM/ECF system.

/s/ *Whitney D. Hermandorfer*

*Attorney for Petitioners*